IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ISRAEL BARRON, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:25-CV-4 (LAG) |
| STATE FARM FIRE AND CASUALTY COMPANY, | : |
| Defendant. | : |

## ORDER

Before the Court are Defendant State Farm Fire and Casualty Company's Motion to Dismiss and Request for Oral Argument. (Docs. 7, 8). For the reasons below, Defendant's Motion to Dismiss is **GRANTED** and the Request for Oral Argument is **DENIED**.

## BACKGROUND

This action arises out of damage to Plaintiff Israel Barron's property located at 195 Old Brookfield Rd E, Tifton, Georgia 31794 (the Property).[1] (Doc. 1-1 ¶¶ 4, 7, 8). On November 18, 2024, Plaintiff filed a Complaint against Defendant State Farm Fire and Casualty Company in the Superior Court of Tift County, Georgia. (Doc. 1 ¶¶ 1–3; *see* Doc. 1-1). The Complaint asserts state law claims for breach of contract, bad faith under O.C.G.A. § 33-4-6, and attorney's fees under O.C.G.A. §§ 9-15-14 and 13-6-11. (Doc. 1-1 ¶¶ 21–44). On January 8, 2025, Defendant removed this action pursuant to the Court's diversity jurisdiction. (Doc. 1).

Plaintiff alleges that Defendant issued a homeowner's insurance policy under Policy Number 81-ET-P688-6 (the Policy). (Doc. 1-1 ¶ 5). Pursuant to the Policy, Defendant

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's Complaint (Doc. 1-1) as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Anderson v. Wilco Life Ins.*, 17 F.4th 1339, 1344 (11th Cir. 2021) (citation omitted).

"agreed to provide insurance coverage to [the Property] against sudden and accidental direct physical loss." (*Id.* ¶ 6). "On or about November 17, 2023, while the Policy was in full force and effect, the Property sustained a covered loss as a result of sudden and accidental failure of [the] plumbing system[.]" (*Id.* ¶ 8). Plaintiff submitted a claim for coverage and was assigned claim number 11-63J9-08L. (*Id.* ¶¶ 9–10). Defendant assigned an agent who "performed a site inspection of [Plaintiff's] home." (*Id.* ¶¶ 10–12). On March 11, 2025, Plaintiff asserts that Defendant "erred by denying payment on a [l]oss that was covered by the Policy." (*Id.* ¶ 14). Plaintiff requested re-evaluation of the claim, submitted sworn proof of loss for damages, submitted pictures and receipts, and provided an updated estimate for the loss. (*Id.* ¶ 16). Plaintiff also asserts that Defendant "refused to reconsider its position regarding the [l]oss and continued to frivolously and baselessly deny any further payment." (*Id.*). Plaintiff claims that he has "suffered physical damage to [the Property] in an amount to be determined at trial." (*Id.* ¶ 20).

On January 15, 2025, Defendant filed a Motion to Dismiss and a Request for Oral Argument. (Docs. 7,8). On January 28, 2025, Plaintiff responded. (Doc. 10). On February 11, 2025, Defendant replied. (Doc. 12). The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.3.1(a).

## LEGAL STANDARD

As a threshold issue, Defendant asserted a failure to state a claim defense in his Answer to the Complaint.[2] (Doc. 1-1 at 82–91; Doc. 6). "In so doing, however, [Defendant cannot] assert the defense in a Rule 12(b)(6) motion"; moreover, Defendant's Motion to Dismiss is untimely. *Whitehurst v. Wal–Mart Stores East, L.P.*, 329 F. App'x 206, 208 (11th Cir. 2008) (per curiam). The Court, however, "may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)." *Id.* (citation omitted). "[W]hen construed as a Rule 12(c) motion for judgment on the pleadings, [Defendant's] motion [is] timely." *Id*. Thus, in the interest of judicial economy, the Court

---

[2] The Answer originally was filed in the Superior Court of Tift County on January 8, 2025 and was refiled in this Court on January 15, 2025 at Doc. 6. (*See* Doc. 1-1 at 82–91, Doc. 6).

construes the Defendant's Motion as a motion for judgment on the pleadings pursuant to Rule 12(c).

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings in this case are closed as Plaintiff filed the Complaint, Defendant has answered, and no counterclaims, crossclaims, or third-party complaints have been filed. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014); *see also* Fed. R. Civ. P. 7(a). Accordingly, a motion pursuant to Rule 12(c) is proper. "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335 (citation omitted). "A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *U.S. v. Wood*, 925 F.2d 1580, 1581 (11th Cir. 1991) (per curiam); *see also Everidge v. Wells Fargo Bank*, No. 5:12-CV-497 (LJA), 2015 WL 5786738, at *8 n.8 (M.D. Ga. Sept. 29, 2015).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs[,]" but the same liberal reading does not apply to legal conclusions. *Anderson*, 17 F.4th at 1344–45 (first quoting *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); and then citing *Iqbal*, 556 U.S. at 678). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I. Count I: Breach of Contract

In Count I of his Complaint, Plaintiff brings a claim for breach of contract. (Doc. 1-1 ¶¶ 21–30). Defendant argues that Plaintiff fails to state a claim for breach of contract because Plaintiff's Complaint "makes no allegations as to the exact provisions of the . . . [P]olicy which: (1) entitle him to recovery and (2) [Defendant] breached" and because Plaintiff "makes no allegations specifying the amount owed by [Defendant] or why [Defendant] owed this amount." (Doc. 7-1 at 9–11). Plaintiff argues that his Complaint "when construed liberally and viewed in the light most favorable to the Plaintiff, sufficiently alleges [a] claim for breach of contract" and "Plaintiff is not required to enumerate every provision of the insurance policy allegedly breached." (Doc. 10 at 2–3).

The elements of a breach of a contract claim are (1) a valid contract, (2) material breach of its terms, and (3) resultant damages to a party that has the right to complain about the contract being broken. *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 664 (11th Cir. 2015) (per curiam); *see also Budget Rent-a-Car of Atlanta, Inc. v. Webb*, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996). "[A] plaintiff asserting a breach of contract claim must allege a *particular contractual provision* that the defendants violated to survive a motion to dismiss." *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1296 (N.D. Ga. 2015) (emphasis added) (citations omitted); *see also Burgess*, 600 F. App'x at 664 (dismissing plaintiffs' breach of contract claim because they "failed to identify the specific contractual provisions that the defendants breached").

Here, Plaintiff has made only broad allegations regarding Defendant's alleged breach. Plaintiff alleges generally that Defendant "agreed to provide insurance coverage to the [Plaintiff's] property against sudden and accidental direct physical loss" and that Defendant "erred by denying payment on a [l]oss that was covered by the Policy." (Doc. 1-1 ¶¶ 6, 14). While Plaintiff attached the Policy to his Complaint, the Complaint as alleged fails to state a claim for breach of contract because Plaintiff did not allege or specify the

particular contractual provision that Defendant has violated and which would have compelled Defendant to make payment to Plaintiff. *See e.g. SAGU LLC v. Grange Ins. Co.*, No. 1:19-CV-203(WLS), 2020 WL 4810691 (M.D. Ga. Apr. 22, 2020) (dismissing plaintiff's breach of contract claim, although it attached the insurance policy to its complaint, because it "fail[ed] to specify which provision of the . . . agreement the defendant breached"). The only facts Plaintiff provides about the damage to his property is that it was caused by a "sudden and accidental failure of [the] plumbing system[.]" (Doc. 1-1 ¶ 8). This allegation is not sufficient to state a claim for breach of his insurance contract. As the Court finds that Plaintiff failed to establish a material breach of the terms of the Policy, it will not address Defendant's remaining argument as to damages.

**II.     Count II: Bad Faith**

In Count II of his Complaint, Plaintiff brings a claim for bad faith pursuant to O.C.G.A. § 33-4-6. (Doc. 1-1 ¶¶ 31–41). Plaintiff alleges that Defendant "has not attempted in good faith to settle [Plaintiff's] claim[.]" (*Id.* ¶ 33). In support of this assertion, Plaintiff lists several actions which fall under O.C.G.A. § 33-6-34, the Unfair Settlement Practices Act. (*Id.*). Defendant argues that Plaintiff's reliance on O.C.G.A. § 33-6-34 "does not support his attempt to assert a claim under O.C.G.A. [§] 33-4-6" because §33-6-34 does not create a private right of action. (Doc. 7-1 at 12–13; Doc. 12 at 1). Plaintiff argues that he has sufficiently alleged "that Defendant acted in bad faith by refusing to pay for covered losses under the policy." (Doc. 10 at 5).

While O.C.G.A. § 33-4-36 does not give rise to a private cause of action, Plaintiff's bad faith claim specifically states that it is brought pursuant to O.C.G.A. § 33-6-4, not O.C.G.A. § 33-6-34. (Doc. 1-1 ¶¶ 33–41); *see* O.C.G.A. § 33-6-37 ("Nothing contained in this article shall be construed to create or imply a private cause of action for a violation of this article."). O.C.G.A. § 33-4-6 provides:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss,

5

>not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

O.C.G.A. § 33-4-6. To state a claim for an insurer's bad faith under O.C.G.A. § 33-4-6, Plaintiff must allege facts which establish: "(1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith." *BayRock Mortg. Corp. v. Chi. Title Ins. Co.*, 648 S.E.2d 433, 435 (Ga. Ct. App. 2007) (citing O.C.G.A. § 33-4-6). "Since the statute imposes a penalty, its requirements are strictly construed." *Id.* (citation omitted). To recover damages, there must be "a loss which is covered by a policy of insurance[.]" O.C.G.A. § 33-4-6. "[A] plaintiff cannot recover for an insurer's bad faith refusal to pay a claim where no coverage exists[.]" *State Farm Fire & Cas. Co. v. Diner Concepts, Inc.*, 370 F. App'x 56, 58 (11th Cir. 2010) (per curiam). As discussed above, Plaintiff has not established that the alleged loss is covered under the Policy because he failed to identify a particular contractual provision which would compel Defendant to make payment. Accordingly, Plaintiff's Complaint fails to state a claim for bad faith damages.

### III.    Count III: Attorney's Fees

Defendant argues that Count III of Plaintiff's Complaint, which asserts a claim for attorney's fees pursuant to O.C.G.A. §§ 9-15-14 and 13-6-11, must be dismissed because "O.C.G.A. [§] 33-4-6 provides . . . the exclusive procedure [for an insured] to recover attorney's fee against his/her insurer." (Doc. 7-1 at 13). Plaintiff did not respond to Defendant's argument and his response does not address Count III of his Complaint at all. (*See* Doc. 10). Thus, Plaintiff has abandoned his claim for attorney's fees under O.C.G.A. §§ 9-15-14 and 13-6-11. *See Moore v. Camden Prop. Tr.*, No. 1:17-CV-01655-ELR, 2019 WL 11441431, at *3 (N.D. Ga. Mar. 26, 2019) (collecting cases for the proposition that "when an argument is raised that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned"), *aff'd*, 816 F. App'x 324 (11th Cir. 2020); *see also White v. GA Dep't of Motor Vehicle Safety*, No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006) (finding claims

6

abandoned where the plaintiff did not respond to the defendant's motion to dismiss). Even if Plaintiff had not abandoned his claim, his claim for attorney's fees under O.C.G.A. §§ 9-15-14 and 13-6-11 must be dismissed because O.C.G.A. § 33-4-6 provides the exclusive procedure to recover attorney's fees. *See McCall v. Allstate Ins. Co.*, 310 S.E.2d 513, 516 (Ga. 1984).

Even if the Court were to consider Count III, it would be dismissed. The Georgia Supreme Court has held that O.C.G.A. § 33-4-6 was intended to be "the exclusive procedure and penalty, and recovery under general penalty provisions [such as O.C.G.A. §§ 9-15-14 and 13-6-11] will not be allowed." *McCall*, 310 S.E.2d at 516; *see also Powers v. Unum Corp.*, 181 F. App'x 939, 944 n. 8 (11th Cir. 2006) ("The district court also properly concluded that Powers's claim for attorney's fees and litigation expenses under O.C.G.A. § 13-6-11 was barred by O.C.G.A. § 33-4-6, which provides insureds the exclusive procedure to recover attorney's fees." (citations omitted)). "The penalties contained in [O.C.G.A.] § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds." *Howell v. Southern Heritage Ins. Co.*, 448 S.E.2d 275, 276 (Ga. Ct. App. 1994) (citation omitted). Therefore, Plaintiff is barred from bringing a claim for attorney's fees under O.C.G.A. §§ 9-15-14 and 13-6-11.

## IV. Request for Oral Hearing

Defendant's Request for Oral Hearing states that "[Defendant] requests a hearing for the purpose of oral argument on its motion to dismiss." (Doc. 8 at 1). Neither the Federal Rules of Civil Procedure nor the Court's local rules entitle litigants to oral argument on motions to dismiss. *See Coney v. Macon-Bibb County*, No. 5:19-cv-00145-TES, 2019 WL 13098500, at *1 (M.D. Ga. June 6, 2019) (first citing *Thomas v. United States*, 245 F. App'x 18, 19–20 (Fed. Cir. 2007); and then citing *Barker v. Norman*, 651 F.2d 1107, 1119 (5th Cir. 1981)); M.D. Ga. L.R. 7.5 (explaining that courts in this district decide all motions "without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request of counsel"). As set forth above, the Court has resolved the Motion to Dismiss based on the filings. Thus, oral argument is unnecessary, and Defendant's Request for Oral Hearing (Doc. 8) is **DENIED**.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. 7), construed as a Motion for Judgment on the Pleadings, is **GRANTED** and Defendant's Request for Oral Hearing (Doc. 8) is **DENIED**.

**SO ORDERED**, this 21st day of July, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**