**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| ISRAEL BARRON, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:25-CV-4 (LAG) |
| | : | |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY, | : | |
| | : | |
|     Defendant. | : | |
| | : | |

## ORDER

Before the Court is Plaintiff's Motion to Alter Judgment. (Doc. 16). For the reasons stated below, the Motion to Alter Judgment (Doc. 16) is **DENIED**.

## BACKGROUND

On November 18, 2024, Plaintiff Israel Barron filed a Complaint against Defendant State Farm Fire and Casualty Company in the Superior Court of Tift County, Georgia. (Doc. 1 ¶¶ 1–3; *see* Doc. 1-1). The Complaint asserted state law claims for breach of contract, bad faith under O.C.G.A. § 33-4-6, and attorney's fees under O.C.G.A. §§ 9-15-14 and 13-6-11. (Doc. 1-1 ¶¶ 21–44). On January 8, 2025, Defendant removed this action pursuant to the Court's diversity jurisdiction. (Doc. 1). Defendant then filed a Motion to Dismiss on January 15, 2025. (Doc. 7). On July 21, 2025, the Court entered an Order construing the Motion to Dismiss (Doc. 7) as a Motion for Judgment on the Pleadings and granting it, thereby dismissing the case. (Doc. 14 at 8; Doc. 15).

On October 30, 2025, Plaintiff filed a Motion to Alter Judgment (Motion). (Doc. 16). Therein, Plaintiff moves for relief from the Court's July 21, 2025 judgment under Federal Rule of Civil Procedure 60(b)(6) and, if such relief is granted, for leave to file an attached Proposed Amended Complaint. (*Id.* at 1; *see also* Doc. 16-2 (Proposed Amended Complaint). On November 13, 2025, Defendant filed a Response to the Motion. (Doc. 10).

Plaintiff did not file a Reply. (*See* Docket). The Motion is now ripe for review. *See* M.D. Ga. L.R. 7.3.1.

## DISCUSSION

Plaintiff argues that the Court should grant relief from judgment under Rules 60(b)(6) and Rule 15(a)(2). (Doc. 16 at 5). Specifically, Plaintiff contends that amendment should be permitted because: (1) there have been no previous amendments and thus no repeated failures to cure deficiencies; (2) the case was still in its early stages with little discovery having been conducted, so Defendant would not be prejudiced; and (3) the proposed amendment corrects prior deficiencies by identifying the specific policy provisions supporting the breach of contract and bad-faith claims. (*Id.* at 4). Defendant responds, arguing that "Plaintiff has presented no 'extraordinary circumstances' which would warrant relief from judgment under Rule 60(b)(6)." (Doc. 17 at 4).

Rule 60(b)(6) is a "catchall" provision "that allows a district court to reopen a case 'for any other reason that justifies relief.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). But "relief under Rule 60(b)(6) is available only in narrow circumstances." *Id.* at 211. Namely, "relief under Rule 60(b)(6) is available 'only when Rules 60(b)(1) through (b)(5) are inapplicable.'" *Id.* (quoting *Kemp*, 596 U.S. at 533). "But even then, 'extraordinary circumstances' must justify reopening." *Id.* (quoting *Kemp*, 596 U.S. at 533) (alterations in original). Plaintiff has identified no extraordinary circumstances to justify reopening this case. (*See generally* Doc. 16); *see BLOM Bank SAL*, 605 U.S. at 210. While it may be true that the prejudice to Defendant may be limited to having to litigate a matter that has been dismissed, this does not negate the extraordinary circumstances requirement. *See BLOM Bank SAL*, 605 U.S. at 211–13. As Plaintiff has not set forth such extraordinary circumstances, the Court may not reopen the case under Rule 60(b)(6). *See id.*

Moreover, "a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *See BLOM Bank SAL*, 605 U.S. at 210; *see also id.* at 213–14. As

Plaintiff has not satisfied Rule 60(b), the Court cannot grant Plaintiff leave to amend under Rule 15(a)(2). *See id.* at 213–14.

**CONCLUSION**

Accordingly, the Motion (Doc. 16) is **DENIED**.

**SO ORDERED**, this 22nd day of April, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**